UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:13-CV-218-TBR-LLK

EDWIN F. ALBRITTON                                                                                    PLAINTIFF

v.

CVS CAREMARK CORPORATION, *et al.*                                                    DEFENDANTS

**OPINION AND ORDER**

District Judge Thomas B. Russell referred this matter to Magistrate Judge Lanny King for the resolution of all discovery disputes. (Docket # 24). Plaintiff moved the Court to compel certain discovery. (Docket # 31). After full briefing and oral argument, the Court granted Plaintiff's motion in part and denied it in part by an Opinion and Order dated July 30, 2015. (Docket # 39). Defendants requested that the Court reconsider two aspects of its prior Opinion and Order: the Court's decision to overrule Defendants' claims of privilege, and the Court's decision to require that Defendants produce certain non-privileged documents concerning employees other than Plaintiff. Defendants also requested that the Court clarify the temporal scope of its prior order.

Before the Court now is Defendants' Motion for Reconsideration and Clarification of the Court's Order on Plaintiff's Motion to Compel. (Docket # 40). The Court considered Defendants' motion and memorandum in support, Plaintiff's response brief, and Defendants' reply brief. (Docket ## 40, 41, 46, 49). Defendants requested oral argument by e-mail to the Court, copied to Plaintiff's counsel. Plaintiff opposed oral argument. The Court does not believe further oral argument will aid in the determination of the motion, having heard oral argument on the underlying motion. The motion is now submitted for the Court's review. LR 7.1(g). For the

reasons stated below, the Court grants Defendants' motion in part and denies it in part. The Court amends its prior holding regarding the attorney-client privilege concerning some documents.

## Reconsideration of Interlocutory Orders

The Court possesses the inherent power to reconsider its interlocutory orders and then modify or rescind those orders prior to the entry of a final judgment. *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991) (citing *Marconi Wireless Tel. Co. v. United States*, 320 U.S. 1, 47-48 (1943); *Simmons Co. v. Grier Bros. Co.*, 258 U.S. 82, 88 (1922)). Moreover, Rule 54(b) states that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Together the common-law authority and Rule 54 give the Court the power to revisit its interlocutory orders. *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004).

Plaintiff urged that the Court should ordinarily restrict its reconsideration of interlocutory orders to instances of an intervening change in controlling law, the presentation of newly available evidence, and the correction of clear error or manifest injustice. (Docket # 46, p. 1). The caselaw cited by Plaintiff, this Court's precedent in *Aull* written by Judge McKinley, applies to motions brought pursuant to Rule 59. *Id.*; *Aull v. Osborne*, No. 4:07-cv-16, 2009 WL 722605, at *1 (W.D. Ky. Mar. 17, 2009) (stating that the plaintiff "filed a motion to reconsider . . . pursuant to Federal Rule of Civil Procedure 59(e)" and setting forth the three reasons as grounds to alter or amend a judgment).

Defendants did not bring the instant motion as a motion to alter or amend a judgment pursuant to Rule 59. The Sixth Circuit Court of Appeals held that "[i]t is within the sole

discretion of a court to determine if a prior ruling should be reconsidered." *United States v. Todd*, 920 F.2d 399, 403 (6th Cir. 1990) (holding that a trial court need not apply the law-of-the-case doctrine and avoid reconsidering an evidentiary ruling after a mistrial). The *Todd* court explicitly "decline[d] to impose any conditions or limitations upon a court's power to review a prior ruling of another [trial] court." *See also John B. v. Emkes*, 517 F. App'x 409, 410 (6th Cir. 2013) (applying the *Todd* precedent when a newly assigned district court judge vacated the prior judge's sanctions order).

While courts traditionally "find justification for reconsidering interlocutory orders" in the three *Aull* factors, they do not bind this Court as Plaintiff urges. *Rodriguez*, 89 F. App'x at 959. The Court possesses "significant discretion" when reviewing its interlocutory orders. *Id.* at 959 n.7.

The Supreme Court recognized that "attorney-client privilege is the oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). The privilege promotes the "public interests in the observance of law and administration of justice." *Id.*[1] The Ninth Circuit called attorney-client privilege "perhaps[] the most sacred of all legally recognized privileges." *United States v. Bauer*, 132 F.3d 504, 510 (9th Cir. 1997). Moreover, the court asserted that "its preservation is essential to the just and orderly operation of our legal system." *Id.* Because of its fundamental importance to our system of justice, the Court finds it important to reconsider its interlocutory order to preserve the privilege. Avoiding the disclosure of privileged communications, and thereby the potentially

---

[1] The Supreme Court has also recognized the importance of work-product protections to the ends of justice. *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947). However, for the reasons stated below, while this Court takes into account new information regarding the doctrine's protection, it does not alter the outcome of its prior Opinion and Order regarding work product.

permanent waiver of the privilege, serves an important function in administering this case to seek a just determination of the action as well as the litigants' continuing interests.

### Assertion of Privilege and Work-Product Doctrine over Documents

A party asserting an evidentiary privilege bears the burden of establishing that the privilege applies to the documents sought. *In re Grand Jury Investigation No. 83-2-35*, 723 F.2d 447, 450 (6th Cir. 1983). The Court found that Defendants had not met that burden when it considered the matter on Plaintiff's motion to compel. (Docket # 39, p. 11). Defendants' counsel relied on letters between counsel, attached to their briefing on the motion, to provide their arguments concerning privilege. *Id.* at 10. The Court found and finds that these letters and attached exhibits did not provide sufficient details to establish that an evidentiary privilege exists to prevent discovery. *Id.* at 10-11.

I. The privilege and work-product dispute

The privilege dispute concerns two documents, the first Bates stamped CVS-ALBRITTON-05311 to -05315 and the second CVS-ALRBRITTON-05316 to -05321. Defendants state that their amended privilege log made the privileged nature of these documents apparent on its face. (Docket # 41, p. 4). None of the privilege log entries referenced by Defendants directly corresponds to the documents concerned. (*Compare* Docket # 41, p. 4, *with* Docket # 35-6, pp. 4-6). However, some of the privilege log entries fall within the range of the Bates stamps indicated for the two potentially privileged documents. Upon inspection of the documents available to the Court, it appears that the two disputed documents actually amount to composites of several other documents, namely e-mails and case status notes. (*See* Docket # 36-6, pp. 4-6). The redacted documents available to the Court support but do not prove this conclusion. (*See* Docket # 34-17).

The Sixth Circuit held that establishing an attorney-client privilege under federal law requires proof of eight elements. *Reed v. Baxter*, 134 F.3d 351, 355-56 (6th Cir. 1998) (*Fausek v. White*, 965 F.2d 126, 129 (6th Cir. 1992)). "(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communication relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived." *Id.*

The privilege log, alone, does not establish all eight elements for the documents concerned. For example, Defendants described a number of the documents as case status notes or case activity notes made by their employees working in the compliance operations department. (*See* Docket # 35-6). This description does not sufficiently describe a communication, and therefore does not establish a privilege. *Hickman v. Taylor*, 329 U.S. 495, 510 (1947); 134 F.3d at 355. Moreover, for the e-mails logged, multiple unidentified individuals are listed as recipients. Without knowing these individuals' relationship to counsel or Defendants, the Court cannot determine that the communications were made in confidence. 134 F.3d at 355.

Subject to some exceptions, the work-product doctrine protects documents "prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney . . . or agent)." Fed. R. Civ. P. 26(b)(3)(A). *See generally Hickman*, 329 U.S. at 509-11.

Again, the privilege log, alone, does not establish that the work-product doctrine applies to the documents concerned. While the log does use the terms "Case Status Note" and "Case Activity Note," review of the redacted documents and briefing of the parties does not indicate that the case or cases concerned were court cases. Because of the content of the redacted

documents, the Court believed that references to a case meant an internal case to monitor employee licensure compliance. (*See* Docket # 35-17).

In their memorandum in support of the instant motion, Defendants provided additional details regarding their claims of privilege and work-product–doctrine protection. (Docket # 41, pp. 5-7). These additional details allow the Court to reevaluate the Defendants' arguments against disclosure. The Court will evaluate the documents in two sets: first, the e-mails, and second, the case status notes and case activity notes.

II. The e-mails

The documents over which Defendants claim attorney-client privilege include six e-mails. (Docket # 35-6, pp. 4-6). Defendants now assert that every person sending or receiving these e-mails was either an attorney for Defendants (inside or outside counsel), or a non-attorney employee of Defendants (compliance employees, field employees, or paralegals). (Docket # 41, p. 6). Defendants also assert that the communications related to legal advice were made in confidence. *Id.* The privilege log demonstrates that at least one attorney participated in each communication. (Docket # 35-6, pp. 3-6). The Court is satisfied that, with the additional information provided, Defendants demonstrated the privileged nature of four of the six e-mails, logged as documents 7, 8, 22, and 23 of the Defendants' Amended Privilege Log.

The remaining two documents were authored by Defendant's outside counsel, Meredith Young. The elements of attorney client privilege establish that the privilege protects communications *from* clients *to* attorneys. *Reed*, 134 F.3d at 355. The privilege may or may not apply when the attorney initiates the communication. *See Curtis v. Alcoa, Inc.*, No. 3:06-cv-448, 2009 WL 838232, at *2 (E.D. Tenn. Mar. 27, 2009) (Citing *Intevet, Inc. v. Merial Ltd.*, No. 06-658 (HHK/JMF), 256 F.R.D. 229, 232 (D.D.C. 2009)). The privilege provides derivative

6

protection when an attorney's communication to his or her client contains or would reveal a confidential communication previously made by the client. *See Clevenger v. Dillard's Dept. Stores, Inc.*, No. 1:02-CV-558, 2006 WL 2709764, at *2 (S.D. Ohio Sept. 20, 2006) (citing *Tax Analysts v. Internal Revenue Serv.*, 117 F.3d 607, 618 (D.C. Cir. 1997); *Rehling v. Chicago*, 207 F.3d 1009, 1019 (7th Cir. 2000)). The Sixth Circuit held that "[t]he privilege does not envelope everything arising from the existence of an attorney-client relationship." *United States v. Goldfarb*, 328 F.2d 280, 282 (6th Cir. 1964). As an exception to the rule of full disclosure, the privilege "should not be extended to accomplish more than its purpose." *Id.*

While other courts have recognized the proposition that generally an attorney's advice to his or her clients rests upon the prior privileged communications made to the attorney, the burden of establishing the privilege remains with its claimant. *E.g.*, *In re Sealed Case*, 737 F.2d 94, 99 (D.C. Cir. 1984). On the record before it, the Court cannot determine that the attorney-client privilege extends to the two e-mails sent by Ms. Young. Nonetheless, Defendants claimed attorney work-product doctrine as an alternative protection regarding both e-mails.

Attorney work-product protection stems from Rule 26 and protects documents prepared in anticipation of litigation or for trial by a party or its representative. Fed. R. Civ. P. 26(b)(3)(A). Ms. Young created each e-mail in her capacity as Defendants' attorney. (Docket # 35-6, pp. 3-6). The Court must therefore determine if she created the documents in anticipation of litigation. The Sixth Circuit has adopted the because-of test to make this determination. *See United States v. Roxworthy*, 457 F.3d 590, 593 (6th Cir. 2006). The because-of test has two prongs, one subjective and one objective. *Id.* at 594 ("[A] party must 'have had a subjective belief that litigation was a real possibility, and that belief must have been objectively reasonable.'" (quoting *In re Sealed Case*, 146 F.3d 881, 884 (D.C. Cir. 1998))). Defendants must

show that the documents were both created because of their subjective anticipation of litigation, and not their ordinary business purposes, and that their subjective anticipation was objectively reasonable. *Id.*

Defendants stated that they created the e-mails because of an agreement with United States Attorneys to investigate and report certain conduct, including pharmacy technician licensure. (Docket # 41, pp. 5-6). Defendants concluded that the documents were created "in anticipation of future litigation with those [United States Attorneys'] offices" and therefore constitute "classic 'work product.'" *Id.* at 6. The work-product doctrine protects documents produced in anticipation of other litigation. *United States v. Leggett & Platt, Inc.*, 542 F.2d 655, 660 (6th Cir. 1976). Nonetheless, the Court disagrees that Defendants created these documents in anticipation of litigation.

The only sworn statement submitted by Defendants to support their motion, a declaration by an in-house paralegal and compliance employee named Kristin Fiduccia, specifically stated that Defendants created the documents "*in the wake* of a federal investigation." (Docket # 49-1, p. 1 (emphasis added)). *See generally Roxworthy*, 457 F.3d at 597 (stating that a party must meet its burden of demonstrating the anticipation of litigation by "any of the traditional ways in which proof is produced in pretrial proceedings."). Moreover, she states that the files were "maintained . . . for internal use so that CVS could track and determine whether the technician licensing issues should be reported." (Docket # 49-1, p. 2). These statements indicate to the Court that Defendants or their agents created the documents not in anticipation of litigation but for the two-fold reasons of ordinary business purposes, *i.e.*, compliance with the law, and as a result of a compromise that avoided litigation in the past, *i.e.*, pursuant to a settlement. A bright-line distinction exists between documents created in anticipation of litigation and documents created

as to satisfy a settlement after litigation. The general potential for further litigation alleging a breach of the settlement does not, in and of itself, transform the purpose for which Defendants created the documents. Moreover, these statements—the only proof directed at the anticipation-of-litigation issue—do not amount to the "specific and detailed" showing a party must make to meet its burden. 457 F.3d at 597.

Defendants argue that they created the documents to avoid future litigation with the United States and therefore they created them in anticipation of litigation. If the Court accepted this argument as a subjective anticipation of litigation, then any document created to comply with any law, public or private, would be created in anticipation of litigation. Defendants' argument even based the possibility of future litigation on the past litigation and the potential of their breach. (Docket # 49, p. 9). Defendants did not demonstrate by evidence supporting the motion that they believed the United States would actually institute *future* litigation regarding pharmacy-technician licensing when they created the documents. Therefore they failed to meet their burden to demonstrate the subjective prong of the because-of test.

Even assuming that Defendants had a subjective belief that further litigation with United States Attorneys was inevitable, they failed to demonstrate that that subjective anticipation of litigation was objectively reasonable. Defendants did not present any evidence or argument regarding any facts that demonstrate the United States had threatened further litigation regarding the licensing issue or even expressed concern with Defendants' reporting. In contrast, Defendants did not show that expected litigation was "'quite concrete' despite the absence of any overt indication by the government." *Roxworthy*, 457 F.3d at 600. Defendants' argument that future litigation might arise if they breach a past agreement does not amount to a concrete

expectation of litigation. To hold otherwise would result in the work-product doctrine becoming the discovery exception that swallows the rule.

The Court still recognizes that the remaining two e-mails may be protected from disclosure by derivative attorney-client privilege. Defendants have offered to provide the documents for in camera review, which the Court will undertake.

### III. The other documents

Defendants' Amended Privilege Log and arguments do not demonstrate that any of the case status notes or case activity notes constitute communications. (Docket # 35-6, pp. 3-6). Therefore, attorney-client privilege does not apply to these documents. *Reed*, 134 F.3d at 355. The Court recognizes that two of the privilege log entries indicate that Chris Bailey made notes "regarding correspondence" with Sheila Bowe, a legal coordinator within Defendants' organizations. Privilege may or may not protect the contents of notes regarding a communication with an attorney or his agent. *See e.g.*, *Bernbach v. Timex Corp.*, 174 F.R.D. 9, 10 (D. Conn. 1997). Therefore, just as the Court will review in camera the two e-mails authored by Ms. Young, it will review these two notes "regarding correspondence" for potential attorney-client privilege.

For all of the notes, the Court finds the work-product doctrine does not apply for the same reasons discussed in the proceeding section. Defendants failed to meet their burden of demonstrating that they created the documents in anticipation of litigation. Defendants satisfied neither the subjective nor the objective prong of the because-of test.

### IV. Conclusion

Because of the foundational importance of attorney-client privilege to the proper functioning of our system of justice, the Court will revise its prior order as to the four e-mails

10

authored by Kristi Fiduccia and Margaret Page (items 7, 8, 22, and 23 on Defendants' Amended Privilege Log). Defendants are not compelled to disclose these e-mails. Moreover, to the extent they already disclosed the communications, the disclosure does not constitute a waiver of the attorney-client privilege. Fed. R. Civ. P. 502(b); (Docket # 18).

Furthermore, Defendants will submit the e-mails authored by Meredith Young, Esq. (numbered 6 and 21 on the privilege log) and the notes authored by Chris Bailey (numbered 9 and 24) to the Court for in camera review. At this time, Defendants need not produce those four documents to Plaintiff.

## Compensation Documents

Defendants requested that the Court reconsider its finding of good cause regarding the production of documents containing employees' compensation. (Docket # 41, p. 8). The Court ordered Defendants to produce compensation information for pharmacist employees in the same store as Plaintiff and other pharmacists in the same operating district of Defendants holding the same title as Plaintiff, namely Pharmacist in Charge. (Docket # 39, p. 7).

In support of their current motion, Defendants argued that good cause does not exist for the discovery, that wage information is "especially sensitive and often protected from disclosure," and that the Court "set[] a dangerous precedent." Plaintiff responded that Defendants are "rehashing the same arguments" as when briefing the initial motion. (Docket # 46, p. 11). In their reply brief, Defendants argue that the Court should not allow discovery of private information simply because of the existence of a protective order and that Plaintiff has not adequately pled a salary or wage discrimination claim. (Docket # 49, pp. 10-11).

The Court agrees with Plaintiff that, with regard to the compensation discovery, Defendants have used the instant motion as an attempt to take a second bite at the apple. Citing

11

new law and making new arguments, Defendants fundamentally continue to argue the relevance of the discovery. The Court found the documents sought relevant. Not only does the discovery relate to the subject matter of the litigation, but Plaintiff's request relates to his allegations that younger employees were treated more favorably in all respects, including pay, especially in specific instances related to raises. (*See e.g.*, Docket # 1, paras. 30, 38, 65). Plaintiff alleged that Defendants discriminated against him because of his age, including in pay relative to younger employees, both in his store and relative to others with his title. The discovery granted concerning the pay of other employees has relevance to Plaintiff's alleged damages, including the lack of a raise, and his claims that Defendants treated him in a discriminatory manner.

Much of Defendants' arguments might present valid arguments in other circumstances but are either irrelevant in the context of a discovery dispute, not timely raised in the initial motion's briefing, or both. The protective order already in place will protect the employees' information. The Sixth Circuit recognizes that the exchange of employees' personnel files, subject to a protective order concerning personal information including wage, serves as an appropriate discovery-dispute resolution in an employment-discrimination case. *See Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 365 (6th Cir. 1999). Finally, Defendants misplace their reliance on the *HDC, LLC* precedent, which in turn relies on *Twombly* and *Iqbal*. (*See* Docket # 49, p. 11). Those precedents relate to pleading standards and motions to dismiss, not discovery. *HDC, LLC v. Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). The Court cannot determine the propriety of a Plaintiff's pleading when presented with a discovery motion. *See United States v. 216 Bottles*, 36 F.R.D. 695, 699-700 (E.D.N.Y. 1965).

The Court concludes that Defendants failed to demonstrate good cause for the Court to disturb its prior ruling as to the documents concerning compensation.

**Temporal Scope**

Finally, Defendants sought clarification of the temporal scope of the Court's prior order. Defendants argued that the parties came to an agreement regarding the temporal scope of discovery. (Docket # 41, p. 11). Plaintiff did not dispute this agreement in his response to Defendants' motion. (Docket # 46). Therefore Defendants will provide discovery related to the temporal scope previously agreed to by the parties.

**ORDER**

IT IS HEREBY ORDERED that the Court grants in part and denies in part Defendants' Motion for Reconsideration and Clarification of the Court's Order on Plaintiff's Motion to Compel. (Docket # 40). Defendants need not produce the documents logged as items 7, 8, 22, and 23 of the Defendants' Amended Privilege Log. No later than November 17, 2015, Plaintiff will return or destroy any copies he possesses. No later than November 17, 2015, Defendants will produce the two composite documents concerned in their motion for the Court's in camera review of items 6, 9, 21, and 24 of Defendants' Amended Privilege Log. At this time, the parties will maintain the status quo as to those four documents; no party will produce or return them. Otherwise, no later than November 20, 2015, Defendants will provide discovery in accordance with this Opinion and Order and the Court's Opinion and Order of July 30, 2015.

c:    counsel