UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:13-CV-218-TBR-LLK

EDWIN F. ALBRITTON                                                                                           PLAINTIFF

v.

CVS CAREMARK CORPORATION, *et al.*                                                          DEFENDANTS

**OPINION AND ORDER**

District Judge Thomas B. Russell referred this matter to Magistrate Judge Lanny King for the resolution of all discovery disputes. (Docket # 24). On November 10, 2015, the Court issued an Opinion and Order regarding Defendants' Motion for Reconsideration and Clarification of the Court's Order on Plaintiff's Motion to Compel. (Docket # 50). As part of that Opinion and Order, the Court ordered Defendants to provide two composite documents for the Court's in camera review. *Id.* Defendants timely provided those documents, and the Court reviewed them.

The Court requested the documents to further examine two e-mails and two case-status notes for attorney-client–privilege protection. Having reviewed the composite documents in camera, the Court finds that attorney-client privilege protects the two e-mails contained therein but not the two case-status notes.

In their e-mail to the Court that accompanied the documents, which Defendants sent to Plaintiff's counsel without the documents, Defendants requested that the Court reconsider its determination regarding two additional case-status notes. For the reasons stated below, the Court declines to revisit the issue of privilege as it concerns these two notes. The Court has appended a copy of the e-mail's text to this Opinion and Order.

Pursuant to Sixth Circuit precedent, establishing attorney-client privilege under federal law requires proving eight elements: "(1) Where legal advice of any kind is sought (2) from a

professional legal adviser in his capacity as such, (3) the communication relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived." *Reed v. Baxter*, 134 F.3d 351, 355-56 (6th Cir. 1998) (*Fausek v. White*, 965 F.2d 126, 129 (6th Cir. 1992)).

I. The E-mails

Both of the e-mails qualify as communications from Defendants' outside counsel to one of Defendants' employees, who works in compliance operations. Outside counsel also carbon copied one of the two e-mails to an in-house paralegal and an in-house attorney of Defendants. Sixth Circuit precedent does not recognize an absolute privilege for communications sent from an attorney to his or her client. *Reed*, 134, 355 (stating the communications must be made by the client); *see e.g.*, *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) (stating that the privilege does not attach when an attorney conveys facts from third parties to his or her client).

The Supreme Court called the attorney-client privilege "the oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). However, because the privilege shields relevant information from discovery and limits the truth-seeking function of our adversarial process, courts must narrowly construe its application. *Tenn. Laborers Health & Welfare Fund v. Columbia/HCA Healthcare Corp.* (*In re Columbia/HCA Healthcare Corp. Billing Practices Lit.*), 293 F.3d 289, 294 (6th Cir. 2002). For that reason, among others, courts have split as to the application of the privilege when an attorney sends a communication to a client.[1] It appears that which rule applies remains an open question in both the Sixth Circuit and the Western District of Kentucky.[2]

---

[1] Some courts require that the communications reveal or implicate a prior, privileged communication from a client. *E.g.*, *Tax Analysts v. I.R.S.*, 117 F.3d 607, 618 (D.C. Cir. 1997). Other Courts allow for a broader protection of communications from an attorney to a client when the communication is made to render legal advice, regardless of if the communication reveals the

2

This Court need not determine which of the two constructions of the rule applies. Both e-mails either reveal or imply Defendants communications to its outside counsel. The first e-mail (number six on the Defendants' privilege log) gives outside counsel's legal analysis of facts provided by Defendants.[3] The second e-mail (number 21 on the Defendants' privilege log) appears to contain no new information, but rather be a reply containing only copies of the communications previously sent to outside counsel.[4] The first e-mail similarly contained copies of the prior communications from the client, albeit with additional text written by outside counsel. The Court already held that privilege protected the e-mails from Defendants' agents, which were also logged as separate entries by Defendants (numbered 7, 8, 22, and 23). (Docket # 50). As such, attorney-client privilege protects both of these e-mails from discovery.

---

prior confidences of the client. *E.g.*, *Sprague v. Thorn Ams., Inc.*, 129 F.3d 1355, 1370 (10th Cir. 1997) (noting the "dichotomy in treatment of the attorney-client privilege," discussing the narrower and broader approaches, and ultimately applying the broader approach).

[2] This Court has not found a Sixth Circuit case directly on point. Moreover, District Courts within the Sixth Circuit have adopted the narrower approach. *See Clevenger v. Dillard's Dept. Stores, Inc.*, No. 1:02-CV-558, 2006 WL 2709764, at *2 (S.D. Ohio Sept. 20, 2006); *Boling v. First Util. Dist.*, No. 3:97-cv-832, 1998 U.S. Dist. LEXIS 21157, at * 10 (E.D. Tenn. Oct. 5, 1998). *But see In re Grand Jury Proceedings*, 434 F. Supp. 648, 649-50, 650 n.1 (E.D. Mich. 1977) (favorably quoting the formulation of the privilege contained in proposed Rule 503, which took the broader view, and explaining that Rule 501 supports applying this formulation), *aff'd*, 570 F.2d 562, 563 (6th Cir. 1978) (per curiam) (approving of the district court's rationale regarding the a former corporate officer's inability to assert the privilege when his former employer waived the privilege).

[3] The communication also references an attachment, but the document presented to the Court does not contain an attachment. It appears that a short postscript contains counsel's analysis of the prior communication. The Court is unclear if this is the information from the attachment or separate. Either way, the document presented for the Court's in camera review appears privileged.

[4] Based on the context of the entire document, the Court suspects that both e-mails contained, at one point, attachments that included outside counsel's analysis of the information previously sent to her by the Defendants' employees. While the Defendants have presented the information in a confusing manner (composite documents that appear to be drawn from an internal database where copies of the e-mails, potentially sans attachments, could be saved), the Court believes the context establishes the privilege applies to these two e-mails.

II. The Requested Case-Status Notes

The Court requested an in camera review of two case-status notes because the privilege log stated they were "[r]egarding [c]orrespondence with Sheila Bowe, Legal Coordinator," a non-attorney member of Defendants' in-house legal team. Upon in camera inspection, the note reveals only that the employee sent a copy of a file to Defendants' legal department. Not only does this note not amount to a communication with an attorney, but it in no way reveals the content of any communications to the legal department.

Defendants cannot use privilege to shield facts from disclosure. *Wright v. Firestone Tire & Rubber Co.*, 93 F.R.D. 491, 493 (W.D. Ky. 1982) ("Information itself is not protected by the privilege simply because it may have been conveyed to counsel."). Moreover, Rule 26 requires a party claiming privilege to "describe the nature of the documents [or] communications . . . not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). To claim privilege concerning a communication, Defendants must, at a minimum, reveal that they sent the communication to their attorneys. *Id.*; 134 F.3d at 355-56. It would belie the discovery rules and law of attorney-client privilege if a party's internal note that he made an arguably privileged communication was itself privileged but the party had to reveal the same facts when claiming the privilege as to the communication itself.

The Court finds that attorney-client privilege does not protect the two case-status notes that the Court requested for in camera review from discovery.

III. The Other Case-Status Notes

Defendants asked the Court to make an in camera review of two additional case-status notes (items 5 and 20 on Defendants' privilege log). The Court has twice already found that

4

Defendants failed to meet their burden of proving that the attorney-client privilege protects these documents. (Docket ## 39, 50). The Court will not allow Defendants to submit new argument on this matter. By stating that "the Court could not have known" of the notes' contents prior to in camera review, Defendants acknowledge, at least in part, the deficiency of their previous evidence and argument concerning privilege.

**ORDER**

IT IS HEREBY ORDERED that after the in camera review ordered by the Court's Opinion and Order of November 10, 2015 (Docket # 50), the Court further grants in part and denies in part Defendants' Motion for Reconsideration and Clarification of the Court's Order on Plaintiff's Motion to Compel (Docket # 40). Defendants need not produce the documents logged as items 6 and 21 of Defendants' Amended Privilege Log. No later than December 1, 2015, Plaintiff must return or destroy any copies of these two documents he possesses. Defendants must produce items 9 and 24 of Defendants' Amended Privilege Log.

IT IS FURTHER ORDERED that the Court stays this Opinion and Order to the same extent its November 10, 2015, Opinion and Order is stayed and for the same duration. (Docket # 52).

c:     counsel

5

# APPENDIX

The following quoted material is the body of an e-mail message from Defendants' counsel to the Magistrate Judge's chambers. Greetings, closings, signatures, attachments, and the like are omitted.

> In accordance with the Court's November 10, 2015 Order, we are hereby submitting the two composite documents in unredacted format for purposes of in camera review on the privilege and work product issues. Although Defendants filed a motion yesterday to "stay" those portions of the November 10 Order that would require actual production of certain documents, Defendants stated in that motion that they would comply with the Court's request to review the privileged documents in camera so as to minimize any further delays. However, this is without waiver of CVS's Objections, which will be filed with District Judge Russell in the near future.
> In order to assist the Court in its in camera review, the following is an identification of the entries from Defendants' Amended Privilege Log that the Court wished to review. The following is without waiver of CVS's disagreement with the Court's legal analysis of the attorney-client privilege and work product, which will be one of the bases for CVS's forthcoming Objection.
> Regarding Case 2012-2-21498 [The document Bates stamped CVS-ALBRITTON-05311 to -05315]
> Entry No. 6 – this 2/10/2012 email from Meredith Young, Esq. (outside counsel at King & Spaulding, LLP) starts in the middle of page 3 of this PDF.
> Entry No. 9 – this 5/21/2014 Case Note authored by Chris Bailey (CVS Compliance) is located toward the bottom of page 4 of this PDF.
> One additional note – The Court did not indicate that it wished to review Entry No. 5 (2/15/2012 case status note on the top of page 3) in camera, because the Court determined that this and all other case status or activity notes were not attorney-client privileged because they do not constitute "communications." See Order at 10. However, Defendants wish to point out that Entry No. 5 specifically references legal advice from attorney Meredith Young ("Per Meredith Young's 2/10/12 email…"), a fact the Court could not have known when it issued the Order. Therefore, Defendants respectfully request that the Court also review Entry No. 5 and find that it is protected by the attorney-client privilege.

This position is without waiver of CVS's other Objections to this portion of the Order.

Regarding Case 2012-3-22050 [The document Bates stamped CVS-ALRBRITTON-05316 to -05321]

Entry No. 21 – this 2/27/2012 email from Meredith Young, Esq. starts in the middle of page 3 of this PDF.

Entry No. 24 – this 5/21/2014 Case Note authored by Chris Bailey is located toward the bottom of page 4 of this PDF.

One additional note – The Court did not indicate that it wished to review Entry No. 20 (3/6/2012 case status note in the middle of page 3) in camera, because the Court determined that this and all other case status or activity notes were not attorney-client privileged because they do not constitute "communications." See Order at 10. However, Defendants wish to point out that Entry No. 20 specifically references legal advice from attorney Meredith Young ("Per Meredith Young's @ K&S 2/27/12 email…"), a fact the Court could not have known when it issued the Order. Therefore, Defendants respectfully request that the Court review Entry No. 20 and find that it is protected by the attorney-client privilege. This position is without waiver of CVS's other Objections to this portion of the Order.

7