UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:13-CV-00218-GNS-LLK

EDWIN F. ALBRITTON                                                                                          PLAINTIFF

v.

CVS CAREMARK CORPORATION
a/k/a/ CVS PHARMACY, et. al.                                                                         DEFENDANTS

## MEMORANDUM OPINION & ORDER

This matter is before the Court on Defendants' Objections to the Magistrate Judge's Discovery Order (DN 54). For the reasons stated below Defendants' Objections are **OVERRULED**.

### I.  STATEMENT OF FACTS AND CLAIMS

Plaintiff Edwin Albritton ("Albritton") has filed this action asserting, *inter alia*, age discrimination claims under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634, and the Kentucky Civil Rights Act, KRS Chapter 344, against Defendants CVS Caremark Corporation and CVS Rx Services Inc. (Collectively "CVS").  (Compl. ¶¶ 61-73, DN 1).  On April 28, 2015, Plaintiff filed a Motion to Compel discovery that was referred to Magistrate Judge Lanny King for consideration.  (Pl.'s Mot. to Compel, DN 34).  The Magistrate Judge granted the motion in part and denied it in part.  (Order, DN 39).  CVS moved for reconsideration arguing that a portion of the requested discovery was privileged.  (Defs.' Mot. for Recons., DN 40).  The Magistrate Judge ordered CVS to submit privileged/work product information for *in camera* review.  (Order, DN 50).  After an *in camera* review, the Magistrate

Judge determined that additional portions of CVS' privilege log were privileged. (Order, DN 53). The Court refused, however, to revisit the applicability of attorney-client privilege or work-product privilege to two case status notes (entries 5 and 20) that CVS had requested to be reviewed *in camera*. CVS now objects to the Magistrate Judge's ruling.

## II.     JURISDICTION

This Court has jurisdiction under 28 U.S.C. § 1331 as this matter arises under the laws of the United States.

## III.     STANDARD

This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636, which was enacted by Congress to relieve the burden of Article III courts by permitting assignment of certain duties to magistrate judges. *See Gomez v. United States*, 490 U.S. 858, 869-70 (1989). Section 636(b) identifies the powers that may be assigned to magistrates by the district court and also establishes the applicable standard of review for objections to the rulings of Magistrate Judges on such matters. *See* 28 U.S.C. § 636(b). The Sixth Circuit has explained:

> Thus, § 636(b) creates two different standards of review for district courts when a magistrate court's finding is challenged in district court. A district court shall apply a clearly erroneous or contrary to law standard of review for the nondispositive, preliminary measures of § 636(b)(1)(A). Conversely, dispositive motions excepted from § 636(b)(1)(A), such as motions for summary judgment or for the suppression of evidence, are governed by the *de novo* standard.

*United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001) (internal quotation marks omitted) (internal citation omitted) (citation omitted). Therefore, the clearly erroneous standard applies regarding this nondispositive motion.

## IV.     DISCUSSION

CVS objects to the Magistrate Judge's ruling that privilege log entries 5 and 20 are discoverable materials in this matter. (Defs.' Objs., DN 54). First, CVS argues that both

documents are protected by the attorney-client privilege and the work product doctrine. (Defs.' Objs. 7-9). Second, CVS argues that neither document is relevant to this action. (Defs.' Objs. 13). The Court considers each argument in turn.

The Court first notes the high standard required to reverse a Magistrate Judge's decision on a nondispositive motion. As the Sixth Circuit has stated, such a decision may be reversed for clear error only if the "decision strikes us as wrong with the force of a five-week-old, unrefrigerated dead fish." *A Forever Recovery, Inc. v. Twp. of Pennfield*, 606 F. App'x 279, 281 (6th Cir. 2015) (internal quotation marks omitted) (citation omitted). With this heightened standard in mind and considering the flaws in CVS' arguments, the Court overrules CVS' objections.

The burden of establishing that a privilege exists to shield a document from discovery rests on the party asserting the privilege. *See In re Grand Jury Investigation No. 83-2-35*, 723 F.2d 447, 450 (6th Cir. 1983); *Collins v. Braden*, 384 S.W.3d 154, 161 (Ky. 2012). Further, it is well-settled that a defendant is procedurally barred from raising new arguments to the district court that were not raised before the Magistrate Judge, just like a defendant may not raise new arguments in a motion for reconsideration that could have been raised prior to that motion. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000); *United States v. Abernathy*, No. 08-20103, 2009 WL 55011, at *1 (E.D. Mich. Jan. 7, 2009) (internal quotation marks omitted) (citation omitted).

In addressing the present matter, the Court looks neither to CVS' objections nor to its Motion for Reconsideration, but to CVS' original response to determine if the Magistrate Judge's ruling contains a clear error. In its initial response, CVS chose not to detail the grounds for its objections regarding the privilege issue and instead incorporated by reference "the statements

3

and arguments" in a letter to Plaintiff's counsel. (Defs.' Resp. to Mot. to Compel 10, DN 35). This letter does not specifically address log entries 5 and 20, and even if it did, the letter provided such little detail regarding the claimed basis for privilege that this Court will not overturn the Magistrate Judge's decision for clear error. (Defs.' Resp. to Mot. to Compel Ex. F, DN 35-6). In support, the letter simply states "in-house" and "outside" counsels "were involved" in communications and therefore the documents are privileged. (Defs.' Resp. to Mot. to Compel Ex. F). This bare bones statement does not establish either the attorney-client privilege or protections under the work product doctrine. For example, the attorney-client privilege only applies:

> 1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived.

*Reed v. Baxter*, 134 F.3d 351, 355-56 (6th Cir. 1998). Asserting "involvement" of counsel comes nowhere close to establishing a claim of privilege.

Further, the Court considers "(1) whether a document was created because of a party's subjective anticipation of litigation, as contrasted with an ordinary business purpose, and (2) whether that subjective anticipation of litigation was objectively reasonable" to determine whether the work product doctrine applies. *United States v. Roxworthy*, 457 F.3d 590, 594 (6th Cir. 2006) (citations omitted). Here, CVS' letter does not address the multiple elements of the attorney-client privilege or the work product doctrine. Therefore, it cannot be said that the Magistrate Judge's ruling was in clear error.

While CVS provided a much more detailed argument in its Motion for Reconsideration, these arguments should have been made in its response to Plaintiff's Motion to Compel. To the

4

extent the Magistrate Judge partially granted the motion for reconsideration, such a ruling was within his discretion. *See Abernathy*, 2009 WL 55011, at *1. The Court will not, however, overturn the Magistrate Judge's decision regarding entries 5 and 20 based upon a more cogent argument provided in the Motion for Reconsideration.

CVS focused its original response on the relevancy of the alleged undiscoverable documents. Specifically, CVS argued that Albritton's claim was based upon "similarly situated" employees receiving favorable treatment due to age discrimination and that Plaintiff's discovery request sought salary documents of employees who were not similarly situated. (Defs.' Resp. 10-13). In granting the motion in part, the Magistrate Judge reasoned:

> [T]he Court finds documents related to other Pharmacists in Charge within the same operating district provide relevant evidence, for discovery purposes, because they performed the same basic functions in Defendants' operations and reported to the same managers in reasonably close geographical proximity. The Court also finds that the performance of all pharmacists in Plaintiff's store, number 6376, contributed to the metrics scores Defendants used to evaluate, and eventually decide to terminate, Plaintiff. As such, information about these employees provides relevant evidence. The Court finds the benefit of discovering this information outweighs the burden and expense.

(Order 5, DN 39). The Magistrate Judge denied the discovery with respect to pharmacists at other stores because they were not evaluated in a similar manner except for the Pharmacists in Charge and the performance of those other pharmacists was not considered in terminating Plaintiff's employment. (Order 5).

Federal Rule of Civil Procedure 26 allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[1]  Fed. R. Civ. P. 26(b)(1). *See also* Fed. R. Civ. P. 26(b) advisory

---

[1] The Court recognizes one caveat in this case is that the Magistrate Judge's July 30, 2015, ruling (DN 39) and November 23, 2015, ruling (DN 50) relied upon a provision which was removed from Rule 26(b)(1) as of December 1, 2015. This provision authorized the court, for good cause,

5

committee's note to 2015 amendment. Relevance is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted). The movant of a motion to compel discovery bears the burden of demonstrating relevance. *See United States ex rel. Gruenbaum v. Werner Enters., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010); *Anderson v. Dillard's, Inc.*, 251 F.R.D. 307, 309-10 (W.D. Tenn. 2008). Based upon the purpose of the Civil Rules, however, that threshold is relatively low. *See John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 184, 186 (S.D.N.Y. 2014); *Wrangen v. Pa. Lumbermans Mut. Ins. Co.*, 593 F. Supp. 2d 1273, 1278 (S.D. Fla. 2008). The Court has wide discretion when dealing with discovery matters, such as deciding if information might be relevant. *See S.S. v. E. Ky. Univ.*, 532 F.3d 445, 451 (6th Cir. 2008); *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981).

The Magistrate Judge properly granted the Motion to Compel, despite the 2015 Amendments to Rule 26(b)(1). Proportionality is the touchstone of the revised Rule 26(b)(1)'s scope of discovery provisions. The Court must consider the need for the information sought based upon "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Here, proportionality favors the Plaintiff. Albritton seeks discovery of salary information solely in the possession of the Defendants. It is

---

to order discovery of any matter relevant to the subject matter involved in the action. The revised rules allow discovery of materials "relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). This Court has previously found that the revised rules apply retroactively to objections to rulings made prior to the December 1, 2015 amendments. *See Hadfield v. Newpage Corp.*, No. 5:14-CV-00027-TBR-LLK, 2016 WL 427924, at *3 n.2 (W.D. Ky. Feb. 3, 2016) (citation omitted).

highly unlikely that Plaintiff could discover similar information from another source or in another manner. Defendants are in the best position to produce these documents. Further, Albritton asserts discrimination claims partially based on wage disparities with younger employees. (Compl. ¶ 65). Salary information regarding comparable Pharmacists in Charge within the same district who share the same common management, as well as information regarding performance of pharmacists in Albritton's store, appears to be highly relevant to the claims at issue. Therefore, the Magistrate Judge's ruling did not amount to clear error regarding relevancy. Thus, CVS' objections will be overruled.

V. **CONCLUSION**

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Objections (DN 54) are **OVERRULED**.

**Greg N. Stivers, Judge**
**United States District Court**
June 28, 2016

cc:    counsel of record